**Maurice STRAIN, Petitioner—
Appellant,**

v.

**James E. HALL, Warden,
Respondent—
Appellee.**

**No. 03–56922.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2004.

Decided Jan. 4, 2005.

Joseph Francis Walsh, Esq., Los Angeles, CA, for Petitioner–Appellant.

Erika Denice Jackson, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: REINHARDT, BEEZER, and WARDLAW, Circuit Judges.

MEMORANDUM *

Maurice Strain was convicted of the attempted robbery and assault with a deadly weapon of John Jernigan in 1997.[1] He asserts a due process claim and a confrontation clause claim.

 Strain's due process claim is procedurally deficient. It was not presented to

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are acquainted with the facts and procedural history of this case, we repeat only an abbreviated summary here.

the state courts as an issue of federal law and was decided solely on the basis of state law. Accordingly, the claim is unexhausted and fails to properly present a federal question. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) (stating that a "federal claim must be fairly presented to the state courts").

Even if the due process claim were exhausted, we would deny it because the California Court of Appeal did not unreasonably determine, in violation of clearly established federal law, that Strain was not prejudiced by the alleged violation for the following reasons singly and collectively: Strain failed to explain why with reasonable diligence he was unable to produce the witness during his trial; the witness did not observe either Jernigan or Strain within a four-hour window of the incident; and the witness did not contradict any aspect of Jernigan's story. Under these circumstances, it was not unreasonable for the state court to conclude that it was not likely that the "newly discovered evidence" would have resulted in a different result.

■ Strain's confrontation clause argument also fails to establish prejudice. Although counsel did not have the opportunity to cross-examine the alleged victim about the absence of fingerprints on the screwdriver and the discrepancy in the victim's description of the defendant's clothes, a review of the entire record reveals that the state court's determination that such cross-examination would not have raised reasonable doubt as to his guilt was correct beyond a reasonable doubt. *See Delaware v. Van Arsdall,* 475 U.S. 673, 684, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986) (stating that violations of the Confrontation Clause do not require reversal if the reviewing court is convinced beyond a reasonable doubt that the error was harmless). Thus, the determination as to the lack of prejudice was neither contrary to, nor an unreasonable application of, clearly established federal law. Accordingly, Strain's due process and confrontation clause claims were properly rejected and his petition for a writ of habeas corpus is

**DENIED.**